**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
                               (State)

Case number (*If known*): _____  Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Ursa Piceance Holdings LLC |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 3 6 – 4 7 4 6 6 0 7 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 950 17th Street<br>Number    Street | _____<br>Number    Street |
| Suite 1900 | P.O. Box |
| Denver    CO    80202<br>City    State    ZIP Code | City    State    ZIP Code |
| Denver<br>County | **Location of principal assets, if different from principal place of business**<br>Number    Street<br>_____<br>City    State    ZIP Code |

5. **Debtor's website** (URL)  http://www.ursaresources.com/

Debtor     Ursa Piceance Holdings LLC                              Case number (*if known*)_____
           Name

| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

7. **Describe debtor's business**

    A. *Check one:*

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
    ☐ Railroad (as defined in 11 U.S.C. § 101(44))
    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
    ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
    ☑ None of the above

    B. *Check all that apply:*

    ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
    ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
    ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

    C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

    2  1  1  1

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

    A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

    *Check one:*

    ☐ Chapter 7
    ☐ Chapter 9
    ☑ Chapter 11. *Check **all** that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ☐ Chapter 12

Debtor  Ursa Piceance Holdings LLC  
      Name

Case number (*if known*) _____

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No  
☐ Yes.  District _____  When ____/____/_____  Case number _____  
            MM / DD / YYYY  
       District _____  When ____/____/_____  Case number _____  
            MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No  
☑ Yes.  Debtor  See Attachment 1  Relationship _____  
      District _____  When ____/____/_____  
                              MM / DD / YYYY  
      Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No  
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.  
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____  
    Number    Street  
_____  
_____    _____  _____  
City                                                                                 State  ZIP Code

**Is the property insured?**

☐ No  
☐ Yes. Insurance agency _____  
       Contact name _____  
       Phone _____

---

**Statistical and administrative information**

Debtor  Ursa Piceance Holdings LLC  
      Name

Case number (*if known*)_____

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.  
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49  
☐ 50-99  
☐ 100-199  
☐ 200-999  

☑ 1,000-5,000  
☐ 5,001-10,000  
☐ 10,001-25,000  

☐ 25,001-50,000  
☐ 50,001-100,000  
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000  
☐ $50,001-$100,000  
☐ $100,001-$500,000  
☐ $500,001-$1 million  

☐ $1,000,001-$10 million  
☐ $10,000,001-$50 million  
☐ $50,000,001-$100 million  
☑ $100,000,001-$500 million  

☐ $500,000,001-$1 billion  
☐ $1,000,000,001-$10 billion  
☐ $10,000,000,001-$50 billion  
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0-$50,000  
☐ $50,001-$100,000  
☐ $100,001-$500,000  
☐ $500,001-$1 million  

☐ $1,000,001-$10 million  
☐ $10,000,001-$50 million  
☐ $50,000,001-$100 million  
☑ $100,000,001-$500 million  

☐ $500,000,001-$1 billion  
☐ $1,000,000,001-$10 billion  
☐ $10,000,000,001-$50 billion  
☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/02/2020  
          MM / DD / YYYY

✗ /s/ Jamie Chronister  
Signature of authorized representative of debtor

Jamie Chronister  
Printed name

Title  Chief Restructuring Officer

---

Debtor   Ursa Piceance Holdings LLC
         Name                                                          Case number (if known)_____

**18. Signature of attorney**    ✘ /s/ Edmon L. Morton                 Date    09/02/2020
                                 Signature of attorney for debtor              MM / DD / YYYY

                                 Edmon L. Morton
                                 Printed name
                                 Young Conaway Stargatt & Taylor, LLP
                                 Firm name
                                 1000        North King Street
                                 Number      Street
                                 Wilmington                            DE      19801
                                 City                                  State   ZIP Code

                                 302-571-6600                          emorton@ycst.com
                                 Contact phone                         Email address

                                 3856                                  DE
                                 Bar number                            State

**Attachment 1**

**Pending or Concurrent Bankruptcy Cases Filed by Affiliates**

On the date hereof, each of the affiliated entities listed below (including the Debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. A motion has been filed with the Court requesting that the chapter 11 cases of these entities be jointly administered.

| Entity Name | District | Date |
|---|---|---|
| Ursa Piceance Holdings LLC | Delaware | September 2, 2020 |
| Ursa Piceance LLC | Delaware | September 2, 2020 |
| Ursa Operating Company LLC | Delaware | September 2, 2020 |
| Ursa Piceance Pipeline LLC | Delaware | September 2, 2020 |

# ACTION BY WRITTEN CONSENT
# OF THE SOLE MEMBER OF EACH OF
# URSA PICEANCE HOLDINGS LLC, URSA PICEANCE LLC, URSA OPERATING COMPANY LLC, AND URSA PICEANCE PIPELINE LLC

September 1, 2020

The undersigned, each being the sole member (the "Sole Member") of the entities specified on the signature pages hereto (each such entity individually, a "Company" and, collectively, the "Companies"), in each case acting pursuant to the Limited Liability Company Agreement of such Company and the Delaware Limited Liability Compact Act, do hereby consent to, adopt and approve, by written consent, the following resolutions and each and every action effected thereby:

WHEREAS, each Sole Member has considered presentations made by, and has reviewed and had the opportunity to ask questions about the materials presented by, the management (the "Management") and the legal and financial advisors (the "Advisors") of each Company regarding the liabilities, liquidity, and prospects of each Company, the strategic alternatives available to each Company, and the impact of the foregoing on each Company's business;

WHEREAS, each Sole Member has had the opportunity to consult with the Management and the Advisors of each Company to fully consider, and has considered, the strategic alternatives available to such Company;

WHEREAS, each Sole Member has supervised and directed the Management and Advisors of each Company in evaluating its strategic options, including a refinancing of funded debt, asset sales, equity sales, and a balance sheet and/or operational restructuring;

WHEREAS, the Companies, with the assistance of their Advisors, are conducting a fulsome marketing and sale process, contacting, meeting with, and soliciting offers from numerous bidders, in order to receive the highest or otherwise best offer for the sale of the assets of the Companies;

WHEREAS, each Sole Member, with the advice of the Management and Advisors, on behalf of the Companies, has determined that it is in the best interests of each Company, its equity holder, creditors, and other parties in interest that petitions be filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") by each Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, each Sole Member desires to approve the following resolutions:

**Commencement of Chapter 11 Cases**

NOW, THEREFORE, BE IT RESOLVED, that the Sole Member of each Company has determined, after consultation with the Management and the Advisors of such Company, that it is desirable and in the best interests of each Company, its equity holder, creditors, and other parties in interest that petitions be filed with the Bankruptcy Court by each Company seeking relief under the provisions of the Bankruptcy Code; and be it further

RESOLVED, that Stephen Skinner and Jamie Chronister (each an "Authorized Person"), acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file with the Bankruptcy Court, in the name and on behalf of each Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents (collectively, the "Chapter 11 Filings") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person, with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

RESOLVED, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with each Company's chapter 11 cases (the "Chapter 11 Cases") or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, consent payments, indemnities, taxes and other expenses such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Cases with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**Debtor-in-Possession Financing**

RESOLVED, that the Sole Member of each Company has determined, after consultation with the Management and the Advisors of such Company, that, subject to approval of the Bankruptcy Court, each Company, as debtors and debtors in possession under chapter 11 of the Bankruptcy Code, shall be, and hereby are, authorized to (a) enter into one or more new debtor in possession financing facilities (the "DIP Facilities") and any associated documents and consummate, and perform under, the transactions contemplated therein (collectively, the "Financing Transactions") and as may be further approved, modified or amended by any of the Authorized Persons, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Companies, (b) pay related fees, and (c) grant security interests in and liens upon all or substantially all of each of the Companies' assets, in such case, as may be deemed necessary or desirable by any one or more of the Authorized Persons in connection with the Financing Transactions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); *provided* that prior to authorizing any such documents or taking any such acts which are materially inconsistent with the documentation evidencing the DIP Facilities presented to the Sole Members in advance of the execution hereof, such Authorized Person will secure the relevant Sole Member's approval thereof; and be it further

RESOLVED, that (a) the Authorized Persons shall be, and hereby are, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Company, as debtors and debtors in possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all

2

other documents, including any amendments or other modifications to the foregoing, as any of the Authorized Persons may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"); (b) Financing Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any of the Authorized Persons are hereby approved; (c) the Authorized Persons shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of, and on behalf of, each of the Companies, as debtors and debtors in possession, to authorize counsel to draft, file and seek approval of the Financing Documents; and (d) the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, including any amendments or other modifications to the foregoing, shall be conclusive evidence of such Authorized Person's approval thereof and the necessity or desirability thereof; *provided* that prior to authorizing any such documents or taking any such acts which are materially inconsistent with the documentation evidencing the DIP Facilities or Financing Documents presented to the Sole Members in advance of the execution hereof, such Authorized Person will secure the relevant Sole Member's approval thereof; and be it further

### Sale Motion and Sale Process

RESOLVED, that the Companies shall be, and hereby are, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Companies, authorized, directed and empowered to file a motion with the Bankruptcy Court (the "Sale Motion") seeking approval of (i) bidding procedures to be used to facilitate a Sale, (ii) form and manner of notice, (iii) the payment of certain bidding protections to a Stalking Horse Bidder, if any (subject to the terms and conditions of the form of Purchase Agreement and approval of the Bankruptcy Court), and (iv) the Sale, all substantially in accordance with the documents presented to the Sole Members prior to the date hereof, subject to such modifications thereto as the Authorized Persons and the Companies' management may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Person); and be it further

RESOLVED, that in the judgement of the Sole Members, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest that the Companies be, and hereby are, authorized to continue to engage in a marketing process for the Companies' assets, to ensure the auction provides the highest or otherwise best offer for the Companies' assets (the "Sale Process"), with such changes, additions, and modifications thereto as an Authorized Person shall approve; and be it further

RESOLVED, that each of the Authorized Persons be, and hereby is, authorized and empowered to file the Sale Motion, on behalf of the Companies, and to pursue the Sale Process and to take any and all actions necessary or advisable to advance the Companies' rights and obligations thereunder, including filing of additional pleadings; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to take all necessary actions in furtherance of the foregoing resolutions; and be it further

RESOLVED, that, in the event the Sale Process and auction do not result in a satisfactory offer for the Companies' assets, the Companies shall be, and hereby are, and the Authorized

3

Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Companies, authorized, directed and empowered to instead pursue a restructuring consistent with the provisions of the Bankruptcy Code; and be it further

**Retention of Advisors**

RESOLVED, that, in connection with the Chapter 11 Cases, any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of each Company, that such Authorized Person deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

RESOLVED, that the law firm of Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603, is hereby retained and employed as attorneys for each Company in the Chapter 11 Cases; and be it further

RESOLVED, that the law firm of Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, is hereby retained and employed as Delaware attorneys for each Company in the Chapter 11 Cases; and be it further

RESOLVED, that the firm of Conway MacKenzie Management Services, LLC, 909 Fannin Street, Suite 4000, Houston, Texas 77010, is hereby retained and employed to provide interim management services for each Company in the Chapter 11 Cases; and be it further

RESOLVED, that the investment banking firm of Lazard Frères & Co. LLC, 30 Rockefeller Plaza, New York, New York 10112, is hereby retained and employed as investment bankers for each Company in the Chapter 11 Cases; and be it further

RESOLVED, that the firm of Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, is hereby retained and employed as claims, noticing, and solicitation agent for each Company in the Chapter 11 Cases; and be it further

**General**

RESOLVED, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Company, to take and perform any and all further acts or deeds, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing, and (iii) the payment of all fees, consent payments, indemnities, taxes and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions,

executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and be it further

RESOLVED, that any and all past actions heretofore taken by any Authorized Person and any member of each Company in the name and on behalf of such Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and be it further

RESOLVED, that each Sole Member has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as required by the governance documents of such Company, or hereby waives any right to have received such notice.

[*Remainder of page intentionally left blank*]

**IN WITNESS WHEREOF**, the undersigned, being all the managers of the board of managers of Ursa Resources Group II LLC, the sole member of URSA PICEANCE HOLDINGS LLC, have executed this unanimous written consent as of the date first set forth above.

**MANAGERS:**

By: _____
Jordan Marye

By: _____
Geer Blalock

By: _____
Thurmon Andress

By: _____
James Obulaney

By: _____
Stephen Skinner

**IN WITNESS WHEREOF**, the undersigned, being the sole member of URSA PICEANCE LLC, URSA OPERATING COMPANY LLC, and URSA PICEANCE PIPELINE LLC, has executed this unanimous written consent as of the date first set forth above.

                                                **URSA PICEANCE HOLDINGS LLC**

By: *Stephen Skinner* (DocuSigned, 15DA1611DC3248B...)
Stephen Skinner
President and Chief Executive Officer

**Fill in this information to identify the case:**

Debtor name: URSA PICEANCE HOLDINGS LLC, *et ., al* .
United States Bankruptcy Court for the: District of  Delaware
Case number (if known):   TBD

☐ Check if this is an amended filing

Modified Official Form 204

# Chapter 11 Case:  Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders*

12/15

The Debtor and its debtor affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The following is a consolidated list of the Debtors' creditors holding the 30 largest unsecured claims based on the Debtors' books and records estimated as of the petition date. This list is prepared in accordance with Bankruptcy Rule 1007(d) for filing in these chapter 11 cases. The list does not include: (1) persons who come within the definition of "insider" set forth in section 101 of the Bankruptcy C24 Code; (2) secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims; or (3) claims held by the Debtors' employees. The information presented in the list below shall not constitute an admission of liability by, nor is binding on, the Debtors, and the failure to list a claim as contingent, unliquidated, disputed, or subject to setoff does not constitute a waiver of any of the Debtors' right to contest the validity, priority, or amount of any claim. claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | GARFIELD COUNTY TREASURER<br>ATTN: JANET COTTER<br>P O BOX 1069<br>GLENWOOD SPRINGS, CO 81602-1069 | GARFIELD COUNTY TREASURER<br>ATTN: JANET COTTER<br>PHONE: 970-945-1377<br>FAX: 580-548-2460<br>EMAIL: JCOTTER@GARFIELD-COUNTY.COM | TAXES PAYABLE | | | | $5,313,688.25 |
| 2 | RUBY PIPELINE, LLC<br>ATTN: TREASURY DEPARTMENT<br>1001 LOUISIANA STREET<br>HOUSTON, TX 77002 | RUBY PIPELINE, LLC<br>ATTN: TREASURY DEPARTMENT<br>PHONE: 1-866-523-4243<br>FAX: 713-230-5675<br>EMAIL: RUBYPIPELINE@KINDERMORGAN.COM | TRADE PAYABLES | C,U,D | | | $5,024,260.09 |
| 3 | RIO BLANCO COUNTY TREASURER<br>ATTN: SALES & USE TAX DEPT<br>PO BOX 584<br>MEEKER, CO 81641 | RIO BLANCO COUNTY TREASURER<br>ATTN: SALES & USE TAX DEPT<br>PHONE: 970-878-9660<br>FAX: 970-878-5796<br>EMAIL: RHONNA.WALDREF@RBC.US | TAXES PAYABLE | | | | $718,363.88 |
| 4 | KINDER MORGAN ENERGY PARTNERS LP, WYOMING INTERSTATE COMPANY LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PO BOX 734018<br>DALLAS, TX 75373-4018 | KINDER MORGAN ENERGY PARTNERS LP, WYOMING INTERSTATE COMPANY LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PHONE: 1-866-523-4243<br>FAX: 719-520-3792<br>EMAIL: WYOMINGINTERGAS@KINDERMORGAN.COM | TRADE PAYABLES | C,U,D | | | $368,071.39 |
| 5 | JASON'S PREMIER PUMPING SERVICE LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>141 BLUEBELL LANE<br>SILT, CO 81652 | JASON'S PREMIER PUMPING SERVICE LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>EMAIL: JHAUCKJPPS@GMAIL.COM | TRADE PAYABLES | | | | $18,489.50 |
| 6 | COLORADO OIL AND GAS CONSERVATION COMMISSION<br>ATTN: JULIE MURPHY<br>1120 LINCOLN STREET SUITE 801<br>DENVER, CO 80203 | COLORADO OIL AND GAS CONSERVATION COMMISSION<br>ATTN: JULIE MURPHY | TAXES PAYABLE | | | | $15,612.30 |
| 7 | XCEL ENERGY<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PO BOX 9477<br>MPLS, MN 55484-9477 | XCEL ENERGY<br>ATTN: PRESIDENT OR GENERAL COUNSEL | TRADE PAYABLES | | | | $10,669.62 |
| 8 | ALPINE OILFIELD SERVICES LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>227 N MEADOWS DR<br>RIFLE, CO 81650 | ALPINE OILFIELD SERVICES LLC<br>ATTN: PRESIDENT OR GENERAL COUNSEL | TRADE PAYABLES | | | | $5,379.71 |
| 9 | VERIZON WIRELESS<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PO BOX 2150<br>GLENWOOD SPRINGS, CO 81602 | VERIZON WIRELESS<br>ATTN: PRESIDENT OR GENERAL COUNSEL | TRADE PAYABLES | | | | $4,858.42 |
| 10 | RIVER VALLEY SURVEY INC<br>ATTN: PRESIDENT OR GENERAL COUNSEL<br>PO BOX 1262<br>RIFLE, CO 81650 | RIVER VALLEY SURVEY INC<br>ATTN: PRESIDENT OR GENERAL COUNSEL | TRADE PAYABLES | | | | $4,037.50 |

Debtor URSA PICEANCE HOLDINGS LLC, *et., al*.  Case number (if known) __TBD__

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 11 | COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT  ATTN: PRESIDENT OR GENERAL COUNSEL  4300 CHERRY CREEK DRIVE SOUTH  DENVER, CO 80246-1530 | COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT  ATTN: PRESIDENT OR GENERAL COUNSEL  EMAIL: CDPHE_WQCD_BILLING@STATE.CO.US;  CDPHE.INFORMATION@STATE.CO.US | TRADE PAYABLES | | | | $1,620.00 |
| 12 | MARC PRODUCTION SERVICES  ATTN: PRESIDENT OR GENERAL COUNSEL  901 POST ROAD  MADISON, WI 53713-3260 | MARC PRODUCTION SERVICES  ATTN: PRESIDENT OR GENERAL COUNSEL  FAX: 608-223-9112  EMAIL: CROWN31BAR@GMAIL.COM | TRADE PAYABLES | | | | $960.00 |
| 13 | COMCAST BUSINESS  ATTN: PRESIDENT OR GENERAL COUNSEL  PO BOX 37601  PHILADELPHIA, PA 19101-0601 | COMCAST BUSINESS  ATTN: PRESIDENT OR GENERAL COUNSEL  EMAIL: WESTDIV_CSGENERAL@CABLE.COMCAST.COM | TRADE PAYABLES | | | | $543.35 |
| 14 | PACE ANALYTICAL NATIONAL CENTER FOR TESTING & INNOVATION  ATTN: PRESIDENT OR GENERAL COUNSEL  29196 NETWORK PL  CHICAGO, IL 60673-1196 | PACE ANALYTICAL NATIONAL CENTER FOR TESTING & INNOVATION  ATTN: PRESIDENT OR GENERAL COUNSEL  FAX: 612-607-6344  EMAIL: AR@PACENATIONAL.COM | TRADE PAYABLES | | | | $198.00 |
| 15 | DNOW LP  ATTN: PRESIDENT OR GENERAL COUNSEL  PO BOX 200822  DALLAS, TX 75320-0822 | DNOW LP  ATTN: PRESIDENT OR GENERAL COUNSEL  EMAIL: IRENE.AMOS@DNOW.COM | TRADE PAYABLES | | | | $27.41 |
| 16 | WB SUPPLY LLC  ATTN: PRESIDENT OR GENERAL COUNSEL  PO BOX 206620  DALLAS, TX 75320-6620 | WB SUPPLY LLC  ATTN: PRESIDENT OR GENERAL COUNSEL  EMAIL: WBPARACHUTE@WBSUPPLY.COM | TRADE PAYABLES | | | | $10.48 |

\* Please note, the consolidated list of top unsecured creditors consists of 16 parties.

**Fill in this information to identify the case and this filing:**

Debtor Name ___Ursa Piceance Holdings LLC_____

United States Bankruptcy Court for the: _____ District of ___Delaware_____
                                                                                                 (State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __09/02/2020__         ✗ ___/s/ Jamie Chronister_____
             MM / DD / YYYY                   Signature of individual signing on behalf of debtor

                                                        Jamie Chronister_____
                                                        Printed name

                                                        Chief Restructuring Officer_____
                                                        Position or relationship to debtor

Official Form 202                         **Declaration Under Penalty of Perjury for Non-Individual Debtors**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| URSA PICEANCE HOLDINGS LLC, *et al.*,[1] | Case No. 20-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Ursa Piceance Holdings LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases hereby state as follows:

1. Debtor Ursa Piceance Holdings LLC is owned by the following non-debtor entities:

| Entity | Ownership Percentage |
|---|---|
| Ursa Resources Group II LLC | 100% |

2. Debtor Ursa Piceance Holdings LLC owns 100% of the equity interests in each of Debtors Ursa Piceance LLC, Ursa Operating Company LLC, and Ursa Piceance Pipeline LLC.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Ursa Piceance Holdings LLC (6607), Ursa Piceance LLC (7496), Ursa Operating Company LLC (0982), and Ursa Piceance Pipeline LLC (5095). The Debtors' service address is 950 17th St, Suite 1900, Denver, CO 80202.

**Fill in this information to identify the case and this filing:**

Debtor Name ___Ursa Piceance Holdings LLC_____

United States Bankruptcy Court for the: _____ District of ___Delaware____
(State)

Case number (*If known*): _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ❑ *Schedule H: Codebtors* (Official Form 206H)
- ❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ❑ Amended *Schedule* ____
- ❑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration___Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __09/02/2020__          ✗ ___/s/ Jamie Chronister_____
MM / DD / YYYY                              Signature of individual signing on behalf of debtor

                                             Jamie Chronister_____
                                             Printed name

                                             Chief Restructuring Officer_____
                                             Position or relationship to debtor

Official Form 202            **Declaration Under Penalty of Perjury for Non-Individual Debtors**